IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH PRESTON MAES, | 1:13-cv-00577-SKO PC |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | (Doc. 1) |
| RICK BARRY, et al., | |
| Defendants. | |
| _____ / | |

    Plaintiff, a state prisoner proceeding pro se, filed this civil action on April 22, 2013. Although the case was opened as a civil rights action brought pursuant to 42 U.S.C. § 1983 based on Plaintiff's submission of a § 1983 complaint form, Plaintiff is challenging his criminal conviction in Santa Barbara County, relief which must be sought via a petition for writ of habeas corpus. *E.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); *McCarthy v. Bronson*, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973). Regardless, in either event, venue is proper in the Central District of California. 28 U.S.C. §§ 1391(b), 1406(a), 2241(d); *see also Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974) (in the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district); *Laue v. Nelson*, 279 F.Supp. 265, 266 (N.D.Cal. 1968) (although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction).

-1-

1 | Accordingly, this action is HEREBY ORDERED TRANSFERRED to the United States District
2 | Court for the Central District of California.
3 |
4 | IT IS SO ORDERED.
5 | **Dated: April 25, 2013**          /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

-2-